**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

STEPHEN KELLY,

                                        Plaintiff,

             v.

GUILDERLAND POLICE DEPARTMENT                    No. 8:20-CV-235
OFFICER BADGE NO. 8813,                          (DNH/CFH)

                                        Defendant.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**APPEARANCES:**

Stephen Kelly
18-A-3202
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642[1]
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

                **REPORT-RECOMMENDATION AND ORDER**

                        **I.  Background**

        Plaintiff pro se Stephen Kelly purported to commence this action on March 2,

2020, with the filing of a complaint and application to proceed in forma pauperis.  Dkt.

Nos. 1, 2-4.  On September 10, 2020, the undersigned granted plaintiff's in forma

---

[1] A DOCCS search reveals that plaintiff was released from custody on June 29, 2021.  Plaintiff has not complied with his duty to immediately notify the Court in writing of any changes in his address.  The Court has not been provided with an updated address for plaintiff.  When plaintiff commenced this action, he was provided with a copy of the Court's pro se handbook.  See Dkt. No. 4.  That handbook, along with the Court's Local Rules and the Federal Rules of Civil Procedure – with which all parties are required to comply – informs plaintiff of his duty to immediately advise the Court in writing of any change in his address.  It further advises plaintiff that his "failure to notify the Court of a change if address may result in the involuntary dismissal of your case for failure to prosecute."  Id. at 1.

pauperis application and recommended that Guilderland Police Department be dismissed from the action and that the complaint be dismissed without prejudice and with leave to amend.  See Dkt. No. 7.  On September 23, 2020, plaintiff filed an amended complaint.  See Dkt. No. 8.  On October 14, 2020, District Judge Hurd adopted the Report-Recommendation and Order.  See Dkt. No. 9.  Presently before the Court is review of the sufficiency of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.


## II.  Amended Complaint[2]

In reviewing the original complaint, the Court noted that plaintiff named only the Town of Guilderland Police Department as a defendant.  The Court observed that "the Town of Guilderland Police Department is not a proper defendant for plaintiff's section 1983 claims" as plaintiff failed to "allege that he was harmed by a municipal 'policy' or 'custom.'"  Dkt. No. 7 at 5-6.  Thus, the Court permitted plaintiff an opportunity to amend to name a proper defendant.  Id. at 7-8.

Plaintiff's amended complaint seeks to name as a defendant "Guilderland Police Officer Badge No. 8813."[3]  Dkt. No. 8 at 1.  However, in the "body" of the amended complaint, plaintiff again identifies the defendant as "Guilderland Police Department." Id. at 3.  Plaintiff contends that he seeks to bring a claim for "false arrest."  Id. at 4.  He

---

[2]  The Court notes that plaintiff commenced an action alleging similar claims against the Town of Colonie police department, albeit the claims arise out of different facts and circumstances and involve a different defendant.  See 8:20-CV-721 (GTS/CFH), Kelly v. Town of Colonie (Report-Recommendation pending review).

[3]  Plaintiff is advised that, should this case proceed beyond the initial review stage, he will be required, through information he can obtain through discovery, to timely identify this John Doe defendant by first and last name.

alleges that on March 12, 2017,[4] he was arrested for Criminal trespass, 2nd Degree." Id.
at 3.  He contends that it was

> [a]lleged that I had committed Criminal trespass, 2nd Degree, by entering
> the reception lobby of the Best Western, 1228 Western Ave, Albany, NY,
> through an open door and using the restroom.  There were no posted
> 'Guest Only' signs, nor was I instructed to leave the premises.  The charge
> was dismissed in my favor on 10/18/18.  Case No.: 107030839[,] Incident
> # 17138987[,] CJT No: 68077549H[,] Arrest # 20170008726.

Id.  Plaintiff contends that this incident and the arrest occurred on March 27, 2017.

Plaintiff further states:

> Alleged that I never fully entered a guest room of the Days Inn,
> Guilderland, NY, although I was never on the premises that day, as the
> phone log and surveillance photo will confirm.  I believe that the signed
> affidavit against me was coerced due to a complaint made 4 weeks prior
> about me using the microwave oven in the breakfast longue.  The charge
> was dismissed on 10/18/18 in my favor.  Case No. 17030839. False
> Arrest.

Plaintiff seeks "$250,000."  Id. at 3-4.  Plaintiff contends that the Days Inn incident was
alleged to have occurred on March 12, 2017, and he was arrested in relation to this
incident on March 27, 2017.  Id. at 3.

The plaintiff's amended complaint appears to reference two separate incidences,
and potentially two separate arrests – one at a Best Western, where he was alleged to
have unlawfully entered the lobby area and used the microwave, and another at a Days
Inn where it appears it was alleged that he entered a guest room.  See Dkt. No. 8 at 3-4.
Plaintiff associates both incidents with the same case number and suggests that the
"charge" was dismissed for both factual scenarios on October 18, 2018.

---

[4] As plaintiff alleges to have been arrested on March 12, 2017 – and it does not appear he was detained –
the statute of limitations would have run on a false arrest claim on March 12, 2020.  Plaintiff commenced
this action on March 12, 2020, within the statute of limitations.  See Owens v. Okure, 488 U.S. 235, 249-
50 (1989) (noting that A section 1983 action must be brought within three years of the accrual of a
plaintiff's claim).

III. **Analysis**

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Completed on a form complaint for section 1983 civil rights violations, plaintiff's only listed claim is for "False arrest."  Dkt. No. 8 at 3-4.  "'A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause is substantially the same as a claim for false arrest under New York law.'" Thompson v. Sweet, 194 F. Supp. 2d 97, 101 (N.D.N.Y. 2002) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996) (citation omitted)). "Under New York law, in order to assert a false arrest claim, a plaintiff must demonstrate that 'the defendant intentionally confined him without his consent and without justification.'" Thompson, 194 F. Supp. 2d at 101 (quoting Weyant, 101 F.3d at 852). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" Id. (additional citation omitted).

"'Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" Id. (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir.1995) (additional internal quotation marks omitted)). Under New York State law, a person commits Criminal Trespass in the Second Degree if "he or she knowingly enters or remains unlawfully in a dwelling." N.Y. Penal Code § 104.15(1).

As for the Best Western incident, plaintiff does not deny entering the Best Western hotel and using the restroom, despite not being a guest, but contends that there were no "guest only" signs and that he was not asked to leave. Dkt. No. 8 at 3. Thus, liberally construing the amended complaint, plaintiff is suggesting that he was unaware that he was not permitted to be in the Best Western hotel, and, thus, cannot be said to have "knowingly" entered as required for Criminal Trespass in the Second Degree. Dkt. No. 8 at 3.

Plaintiff's amended complaint does not provide enough facts for the Court to assess whether the arresting officer had probable cause to arrest plaintiff based on the information before him as it relates to the Best Western Incident. See Dkt. No. 8. Indeed, although plaintiff's amended complaint suggests that he did not "knowingly" enter or remain in the Best Western when he knew he was not permitted to do so, nothing in his amended complaint suggests that the defendant officer would have been aware of this information. See id. However, given the liberal standard to be applied to

pro se complaints, it is recommended that plaintiff be given the opportunity to amend to address the issue of probable cause as it relates to the Best Western arrest.[5]

As for the Days Inn arrest, plaintiff contends that he was not on the premises and suggests that a "signed affidavit against me was coerced," apparently due to the complaint relating to plaintiff's entering the Best Western and using the microwave.  It is unclear who plaintiff is contending authored the "signed affidavit" or who "coerced" the author to sign.  Indeed, it is not clear if plaintiff is arguing that the defendant John Doe officer coerced someone, presumably the complainant, to sign an affidavit upon which the officer used to base his/her arrest or if plaintiff is contending that someone associated with Days Inn coerced another person to sign a false affidavit due to an earlier incident involving plaintiff.  Arguably, although not explicitly stated as such, a liberal reading of plaintiff's complaint suggests that the arrest was not made with probable cause because, if it is true the arresting officer had knowledge that the plaintiff was not on the premises, plaintiff could not have committed criminal trespass in the second degree.  Thus, applying special solicitude, it is recommended that this claim proceed.

The undersigned further notes that, despite being released from custody in June 2021 and being informed of his duty to notify the Court in writing of any change of address, plaintiff has not updated the Court with a new address, in writing or otherwise.

---

[5] Plaintiff is advised that if the District Judge permits him to file a second amended complaint, any second amended complaint he may file will supersede and replace the amended complaint in its entirety.  Thus, any and all facts and claims he wishes to plead – and any defendants against which he seeks to proceed -- must be included and repleaded in the second amended complaint.  If a second amended complaint is permitted to be filed, and plaintiff timely files a second amended complaint, the Court will **not** incorporate by reference any facts or claims from the amended complaint.  Failure to replead any facts, claims, or defendants will be deemed an abandonment of those facts, claims, or defendants.  See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978).

Thus, given his failure to update the Court with a new address, it is likely that plaintiff will not respond to this Report-Recommendation & Order or the decision of the Court reviewing this Report-Recommendation & Order.  Accordingly, in light of judicial economy and the fact that plaintiff was advised that his failure to timely update the Court in writing of any change of address, it is recommended that: (1) if plaintiff be permitted an opportunity to file a second amended complaint, the Court order plaintiff, within thirty days from the filing date of the Decision & Order reviewing the Report-Recommendation & Order, to either (a) file a second amended complaint curing the defects identified herein, or (b) inform the Court that he does not intend to file a second amended complaint and wishes to proceed on any claims remaining in the amended complaint that were not dismissed, and (2) if plaintiff fails to file a second amended complaint or notify the Court of his intention to proceed with any claims that remain in the amended complaint, the Court dismiss the action without further order of the Court.


## IV.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby:

   **RECOMMENDED**, that plaintiff's Fourth Amendment false arrest claim as it relates to the Days Inn incident proceed past the initial review stage; and it is further

   **RECOMMENDED**, that plaintiff's Fourth Amendment false arrest claim as it relates to the Best Western incident be **DISMISSED without prejudice** and with opportunity to amend as set forth herein, and it is further

   **RECOMMENDED**, that, if the District Judge adopts this Report-Recommendation & Order, plaintiff be given thirty (30) days from the filing date of the Decision & Order

reviewing this Report-Recommendation & Order to file a second amended complaint **OR** advise the Court in writing that he intends to proceed only with the claims that remain undismissed from the amended complaint[6]; and it is further

**RECOMMENDED**, that if plaintiff timely files a second amended complaint, the Clerk of the Court or District Judge notify the Magistrate Judge and return the case to the Magistrate Judge for review of the second amended complaint; and it is further

**RECOMMENDED**, that if plaintiff does not, within thirty (30) days from the filing date of the Decision & Order reviewing this Report-Recommendation & Order, file a second amended complaint or notify the Court that does not intend to amend but proceed only on claims that remain undismissed from the amended complaint, the Clerk of the Court will close the case without further Order from the Court; and it is

**ORDERED**, that the Clerk of the Court update the docket to remove Guilderland Police Department as a defendant and add as a defendant Guilderland Police Department Officer Badge No. 8813; and it is

**ORDERED**, that, the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. See Roldan v. Racette, 984 F.2d

---

[6] In the event plaintiff timely informs the Court that he wishes to proceed on any claims that remain in his amended complaint, upon receipt of this communication, the Clerk of the Court should advise the Magistrate Judge of this communication and return the matter to the Magistrate Judge for service of the amended complaint and summons.

85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72 & 6(a).[7]

Dated: January 19, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding <u>pro se</u> and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. <u>See</u> Fᴇᴅ. R. Cɪᴠ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. <u>See</u> <u>id.</u> § 6(a)(1)(c).