UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN KELLY,

                        Plaintiff,

            -v-                           8:20-CV-235

GUILDERLAND POLICE
DEPARTMENT OFFICER
BADGE NO. 8813,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

STEPHEN KELLY
Plaintiff, Pro Se
18-A-3202
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On March 2, 2020, *pro se* plaintiff Stephen Kelly ("plaintiff") filed this

action alleging that the Guilderland Police Department violated his civil

rights in connection with his arrest on two separate incidents in March of

2017.  Dkt. No. 1.  Plaintiff also sought leave to proceed *in forma pauperis*

("IFP").  Dkt. No. 2.  After U.S. Magistrate Judge Christian F. Hummel

granted plaintiff's IFP application, Dkt. No. 7, plaintiff filed an amended

pleading, Dkt. No. 8, which has been referred back to Judge Hummel for an

initial review, Dkt. No. 9.

   On January 19, 2022, Judge Hummel advised that plaintiff's amended

complaint be dismissed in part.  Dkt. No. 10.  As Judge Hummel explains in

his Report & Recommendation ("R&R"), plaintiff's amended complaint

asserts a claim for "false arrest" that appears to arise out of two separate

incidents: one that occurred at the Best Western hotel in Albany, New York,

and another that occurred at the Days Inn hotel in Guilderland, New

York.  *Id.*

   As relevant here, the R&R recommends that plaintiff's amended complaint

survives initial review to the extent it asserts a claim regarding the Days Inn

incident.  Dkt. No. 10.  However, the R&R further recommends that

plaintiff's amended complaint be dismissed to the extent it asserts a claim

regarding the Best Western incident.  *Id.*  Finally, in light of plaintiff's *pro se*

status, the R&R recommends that plaintiff be granted leave to amend his

pleading to cure certain deficiencies regarding the Best Western incident.  *Id.*

   Plaintiff has not filed objections, and the time period in which to do so has

expired.  Upon review for clear error, the R&R will be accepted and adopted

in all respects.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation is ACCEPTED;

2.  Plaintiff's Fourth Amendment false arrest claim related to the Days Inn incident <u>conditionally</u> survives initial review as explained below;

3.  Plaintiff's Fourth Amendment false arrest claim related to the Best Western incident is DISMISSED without prejudice;

4.  Plaintiff has thirty days from the filing date of this Order to either:

> (a) file a second amended complaint in accordance with the instructions in the R&R; or

> (b) advise the Court in writing that he intends to proceed only with the claims that remain in the amended complaint;

5.  If plaintiff (a) files a second amended complaint within this thirty-day period, the Clerk of the Court shall notify the Magistrate Judge and return the case for an initial review;

6.  If plaintiff (b) advises the Court in writing that he intends to proceed only with the claims that remain in the amended complaint, the Clerk of the Court shall notify the Magistrate Judge and return the case for service of the amended complaint and summons;

7.  If, upon the expiration of this thirty-day period, plaintiff has not (a) filed a second amended complaint **OR** (b) advised the Court in writing

that he intends to proceed only with the claims that remain in the amended complaint, the Clerk of the Court is directed to dismiss plaintiff's amended complaint and close this case for, *inter alia*, failure to prosecute and failure to comply with the duty to notify the Court of any change of address.[1]

IT IS SO ORDERED.

Dated:  February 9, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge

---

[1]  As Judge Hummel noted in the R&R, plaintiff was released from custody in June 2021 but has not, as of today's date, updated the Court of his new address.  Plaintiff is on notice of this requirement, both through the *pro se* handbook and notice mailed to him when he commenced this action, Dkt. No. 5, and in Judge Hummel's explicit warning in the R&R, Dkt. No. 10.